[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant John Mackey pleaded no contest and was found guilty of trafficking in a counterfeit controlled substance, a fifth-degree felony, in violation of R.C.2925.37(B). On April 15, 1999, he was sentenced to twelve months in prison, the maximum penalty for a fifth-degree felony under R.C. 2929.14(A)(5), with credit for seventy days served.
Mackey filed a timely notice of appeal. In his brief to this court, Mackey's counsel stated that, pursuant to Anders v.California,[1] he had reviewed the record and found no arguable errors, and he accordingly sought to withdraw from representation. Further, counsel asked this court to examine the proceedings in the trial court to decide whether the appeal was wholly frivolous. On December 17, 1999, after reviewing the proceedings and the relevant law, we concluded that the appeal was not wholly frivolous, granted counsel's motion to withdraw, appointed new counsel, and extended time to brief the following issues: (1) whether Mackey can appeal, as a matter of right, the imposition of the maximum sentence for the fifth-degree felony, and if he can do so, whether the trial court erred in imposing the maximum sentence, and (2) whether any other errors were committed in the trial court.
A new brief has now been filed raising two assignments of error relating to sentencing. The first is that the trial court erred by imposing the maximum sentence for a fifth-degree felony, because it failed to make the requisite R.C. 2929.14(C) findings. The second is that the trial court erred by imposing a sentence greater than the minimum term, because it failed to make the pertinent R.C. 2929.14(B) findings.
Before addressing Mackey's assignments of error, we note that, even without taking into account the seventy days credit for time served, his prison term has already expired, and the entire sentence has been satisfied. We must, therefore, address the question of whether this appeal has been rendered moot.
Where a criminal defendant has been convicted of a felony, it is now accepted, as a general rule, that the satisfaction of the judgment does not render an appeal moot, because the convicted felon has a substantial stake in the judgment that survives its satisfaction.[2] But when an appeal challenges only the length of a completed felony sentence, that challenge must be held moot because no relief can be granted to alter the effect of the sentence already served.[3]
In this case, Mackey is not seeking to invalidate his felony conviction. Instead, he is essentially asking for a modification of the conviction in the form of a reduced sentence. But because the sentence has already been fully served,[4] the relief sought pursuant to the two assignments of error would not make any meaningful difference in the force and effect of the conviction. The appeal has, accordingly, been rendered moot and it is, therefore, dismissed.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] See State v. Golston (1994), 71 Ohio St.3d 224,643 N.E.2d 109, syllabus.
[3] See State v. Blivens (Sept. 30, 1999), Lake App. No. 98-L-189, unreported.
[4] Mackey was apparently released from prison on January 31, 2000, and he was not placed on community control.